# OFFICE OF THE CIRCUIT MEDIATOR
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**THOMAS F. BALL III**
CHIEF CIRCUIT MEDIATOR
PALMYRA, VIRGINIA

**EDWARD G. SMITH**
CIRCUIT MEDIATOR
1 TORREY PINE COURT
SPARTANBURG, SC 29306
(864) 596-4501
FAX (864) 596-8854
Edward_Smith@ca4.uscourts.gov

**DONNA S. HART**
SENIOR RESIDENT CIRCUIT
MEDIATOR
DURHAM, NORTH CAROLINA

**FRANK C. LANEY**
CIRCUIT MEDIATOR
CARY, NORTH CAROLINA

November 20, 2013

Re: 13-2328, K.A. Holdings Ltd. of New York v. Christopher Chagaris

## NOTICE OF SCHEDULED MEDIATION

Dear Counsel:

Pursuant to Local Rule 33, a mediation conference has been scheduled in this case. For everyone's convenience, it will be conducted by **TELEPHONE on December 4, 2013 at 9:00am EASTERN TIME**. The Circuit Mediator will initiate the call. **It is the policy of this office that the use of cell phones, and the electronic recording of conferences, is prohibited**.

**Counsel addressed below are understood to be the lawyers with primary responsibility for this case and are required to participate. If: (1) any counsel listed below do not need to participate; or (2) additional or different counsel are necessary or beneficial for this conference; or (3) if this date presents an unavoidable conflict with a previously scheduled court appearance, please contact the undersigned Circuit Mediator's assistant, Lucille Payne, immediately by telephone at 843-521-4022.**

There are several purposes for this conference: to prevent unnecessary motions or delay by attempting to resolve any procedural problems in the case, to identify and clarify the main issues being raised in the appeal, and to explore any possibilities there may be for settlement. All counsel are expected to discuss

settlement with their clients and then attend the conference with authority to initiate and respond to settlement proposals.

Sincerely,

Edward G. Smith
Circuit Mediator

Copies:   Clay Anders Campbell Sr.
          Rodney Allen Dean
          David Glennon Redding

# United States Court of Appeals for the Fourth Circuit
# About Pre-Argument Mediations

Pre-argument mediations are scheduled by the Court with counsel for all parties in many civil appeals. They are conducted by experienced and specially trained Circuit Mediators. Although significant attention may be given to procedural questions and problems raised by counsel in a case, the primary purpose of the mediation is to offer participants a confidential, risk free opportunity to candidly evaluate their case with an informed neutral and to explore possibilities for voluntary disposition of the appeal.

## *Case Selection*
Cases are selected for pre-argument mediations in several ways. Most are selected by the mediation program from the pool of all fully counseled civil appeals. Excepted from the screening process are prisoner, habeas corpus and some agency cases. Cases may be scheduled for a mediated conference at the request of one or more of the parties. Such requests are kept confidential by the Court but need not be by the requesting party. Requests for a mediation are usually allowed in any fully counseled civil appeal. Cases occasionally are referred by hearing panels for mediation just before or after oral argument.

## *Mediation Scheduling & Format*
Nearly all pre-argument mediations are scheduled before submission of briefs and calendaring for oral argument. Written notice from the Court is mailed to each party's representative in advance of the mediation date. Most mediations are by telephone with the Court initiating the calls. However, if convenient and beneficial, mediations may be in person.

Most mediations begin with the mediator briefly explaining the mediation process. The focus of discussion usually moves fairly quickly to explication of the issues on appeal. The purpose of this discussion is not to decide the case or reach conclusions about the issues, but to understand what the issues are and to evaluate the risks on appeal. The mediator will also inquire as to any procedural questions or problems counsel might have that could be resolved by agreement. These might include questions about the joint appendix or the need for a specially tailored briefing schedule.

Initial mediations typically last an hour and sometimes longer. In many cases, the discussions go no further. Often, proposals are generated that require further review so follow-up discussions may continue for days or weeks or longer. If negotiations

continue productively and all parties and the Circuit Mediator agree, briefing may be postponed for a reasonable time until negotiations are completed. Follow-up telephone or in-person mediations may be scheduled, with or without clients, as necessary, to fully pursue all chances for negotiated settlements.

### *What Participants Can Expect*
Generally, participants can expect the Circuit Mediator to facilitate or lead a thoughtful and sometimes detailed exploration of the case. The extent of the mediator's preparation will vary with the amount of information available at the time of the mediation. Usually the Circuit Mediator will have read the district court's opinion as well as the docketing statement. The Circuit Mediator will inquire about settlement and will probe for each party's interests if they are not immediately evident, often in private caucuses with each party. Every effort will be made to generate offers and counter-offers until the parties either settle or know the case cannot be settled and by how much it cannot be settled. Mediations are relatively informal. They are, however, official proceedings of the Court.

### *What the Court Expects*
The Court attempts to identify lead counsel for all parties when scheduling mediations. This is not always possible so those notified of the mediation conference are asked to advise the Court in advance of the mediation if other counsel will be attending. Considerable time and effort is expended in preparing for and participating in these mediations, and attitudes and perceptions of participants frequently change in the process. Experience shows that this time and effort may be wasted and opportunities for settlement lost when the lawyers attending the mediation are not the lawyers on whose judgment the client will primarily rely when making decisions. The perceived tactical advantage of sending to the mediation an attorney with limited knowledge or authority is more than offset by the lost opportunity to influence or be influenced by this informed evaluation and settlement discussion. Thus, lead counsel are asked to come prepared to articulate their view of the merits of the case as well as their clients' interests and needs.

While counsel are to have authority to make and respond to offers, the Circuit Mediators do not necessarily expect counsel to have absolute settlement authority. Our experience is that in most cases there is more movement from prior settlement positions than anyone expected, requiring further consultation with clients. Thus, counsel may wish to have clients present, or available by phone, at the time of the mediation. Clients are not required to be present at most initial mediations.

### *Mandatory Participation - Voluntary Settlement*
Fourth Circuit Rule 33 requires the participation of all parties in scheduled

mediations, usually through their counsel. Sometimes the purposes of the mediation cannot be achieved without the involvement of individuals or groups who are not parties to the appeal; such parties may be invited to participate. No actions affecting the interests of any party or the case on its merits, however, will be taken without the consent of all parties.

*Confidentiality*

By rule, nothing said in any mediation by the participants, including the Circuit Mediator, may be disclosed to anyone in the Fourth Circuit Court or any other court that might ever deal with the case. Disclosure is also prohibited to any person outside those participating directly or indirectly in the mediation process. This applies in all cases, including ones referred for mediation by the Court. This court rule does not apply to any settlement agreements. However, this in no way prohibits the parties from separately contracting that the terms of their agreement shall remain confidential.