RECORD NO. 13-2328

IN THE

# 𝕌nited 𝕊tates 𝔠ourt of 𝔄ppeals

## FOR THE FOURTH CIRCUIT

**K. A. HOLDINGS LTD. OF NEW YORK, a/k/a K. A. Holdings of New York, Inc., a/k/a K. A. Holdings of New York, Ltd., a/k/a K.A. Holdings, Ltd.,**

*Plaintiff-Appellee,*

v.

**CHRISTOPHER CHAGARIS,**

*Defendant-Appellant.*

## BRIEF OF PLAINTIFF-APPELLEE

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE**

David G. Redding
Joseph R. Pellington
TISON REDDING, PLLC
201 South Tryon Street, Suite 915
Charlotte, North Carolina 28202
704-200-2056
704-200-2058 (fax)
dredding@tisonreddinglaw.com
jpellington@tisonreddinglaw.com

Counsel for *Plaintiff-Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-2328__      Caption: __KA Holdings Ltd. of New York v. Christopher Chagaris__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__KA Holdings Ltd. of New York, a/k/a KA Holdings of New York, Inc., a/k/a KA Holdings of New York, Ltd.,__
(name of party/amicus)

__a/k/a KA Holdings, Ltd. ("KA Holdings")__

who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.  Does party/amicus have any parent corporations?  ☐ YES ☑ NO
    If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
    If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: s/ David Redding _____    Date: ___November 13, 2013___

Counsel for: KA Holdings _____

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on ___November 13, 2013___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Rodney Dean
Clay Campbell
Dean, Gibson, Hofer, & Nance, PLLC
301 South McDowell, Suite 900
Charlotte, NC 28204

s/ David Redding _____
(signature)

___November 13, 2013___
(date)

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS......................................................................... i

TABLE OF CASES AND AUTHORITIES.................................................. iii

STATEMENT OF THE CASE ...........................................................1

SUMMARY OF ARGUMENT ..........................................................4

ARGUMENT ................................................................................5

I.    THE DISTRICT COURT CORRECTLY DENIED MR. CHAGARIS'
      MOTION FOR SUMMARY JUDGMENT, MOTION FOR
      JUDGMENT AS A MATTER OF LAW, AND RENEWED
      MOTION FOR JUDGMENT AS A MATTER OF LAW AS MR.
      CHAGARIS' LAST ACT OF MALPRACTICE OCCURRED IN
      SEPTEMBER 2006, APPROXIMATELY ONE YEAR PRIOR TO
      THE FILING OF THE COMPLAINT ....................................................5

      A.    Standard of Review ....................................................5

      B.    Mr. Chagaris' last act of malpractice occurred on September 20,
            2006, approximately one year before KA Holdings' filed its
            initial complaint..............................................................6

II.   THE DISTRICT COURT CAREFULLY CONSIDERED WHICH
      SANCTIONS TO IMPOSE ON KA HOLDINGS FOR ITS FAILURE
      TO DISCLOSE PURSUANT TO RULE 26 AND DID NOT ERR BY
      DENYING MR. CHAGARIS' REQUEST TO EXCLUDE KA
      HOLDINGS' EVIDENCE OF DAMAGES ...................................... 11

III.  KA HOLDINGS PRESENTED SUFFICIENT EVIDENCE AT
      TRIAL THAT: (1) ITS CONVERSION CLAIM AGAINST THE
      LANDLORD WOULD HAVE BEEN SUCCESSFUL AND
      RESULTED IN A FAVORABLE JUDGMENT; AND (2) THAT
      THE JUDGMENT OBTAINED AGAINST THE LANDLORD
      WOULD HAVE BEEN COLLECTABLE ....................................... 14

A.   KA presented sufficient evidence that its conversion claim against the Landlord would have been successful and resulted in a favorable judgment ............................................................ 15

B.   KA Holdings presented sufficient evidence that the judgment obtained against Hawthorne and Overland would have been collectable ................................................................................ 18

IV.   MR. CHAGARIS FAILED TO PRESERVE HIS ARGUMENT THAT THE DEFENSES IN THE UNDERLYING ACTION WOULD HAVE PRECLUDED KA HOLDINGS FROM OBTAINING A JUDGMENT AGAINST THE LANDLORD ......... 21

V.   THE DISTRICT COURT DID NOT ERR IN ADMITTING EXHIBITS 16 AND 17 UNDER THE BUSINESS RECORDS EXCEPTION ..................................................................................... 24

CONCLUSION .......................................................................... 26

CERTIFICATE OF COMPLIANCE ........................................... 27

CERTIFICATE OF SERVICE .................................................... 28

# TABLE OF CASES AND AUTHORITIES

Federal Authorities

*Emmett v. Johnson*
　　532 F.3d 291(4th Cir. 2008) ..............................................................5

*Federal Savings and Loan Insurance Corp. v. Reeves*
　　816 F.2d 130  (4th Cir. 1987) ........................................................22

*First Union Comm'l Corp. v. GATX Capital Corp.*
　　411 F.3d 551 (4th Cir. 2005) ................................................  ..5, 14

*Gregg v. Ham*
　　678 F.3d 333 (4th Cir. 2012) ................................................ ...6, 15

*In re McGillewie*
　　936 F.Supp. 327 (W.D.N.C. 1995)........................................ .19, 20

*Medical Waste Assocs. v. Mayor and City Council of Baltimore*
　　966 F.2d 148 (4th Cir.1992) .................................................. .........5

*Miller v. Premier Corp.*
　　 608 F.2d 973 (4th Cir.1979)  .............................................. ...5, 14

*Robinson v. Equifax Information Services, LLC*
　　560 F.3d 235 (4th Cir. 2009) ................................................5, 6, 15

*Singer v. Dungan*
　　45 F.3d 823 (4th Cir. 1995) .................................................. .......22

*Southern States Rack and Furniture, Inc. v. Sherwin-Williams Co.*
　　318 F.3d 592 (4th Cir. 2003) ................................................ .11, 12

*U.S. v. Francis*
    329 Fed.Appx. 421 (4th Cir. 2009) ....................................................... .24, 25

*U.S. v. Levy*
    335 Fed.Appx. 324 (4th Cir. 2009) ........................................ .......24

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*
    259 F.3d 1101 (9th Cir. 2001) ............................................... .......11

State Authorities:

*Fender v. Deaton*
    153 N.C. App. 187, 571 S.E.2d 1 (2002) ............................... .........8

*Goodman v. Holmes & McLaurin Attorneys at Law*
    192 N.C. App. 467, 665 S.E.2d 526 (2008) ........................... .........8

*Hummer v. Pulley, Watson, King & Lischer, P.A.*
    157 N.C.App. 60 S.E.2d 918 (2003) ...................................... .......15

*Marina Food Associates, Inc. v. Marina Restaurant, Inc.*
    100 N.C.App. 82, 394 S.E.2d 824 (1990) .............................. .......17

*McGahren v. Saenger*
    118 N.C. App. 649, 456 S.E.2d 852 *disc. review denied and*
    *appeal dismissed,* 340 N.C. 568, 460 S.E.2d 318 (1995)...............................8

*Nationwide Mut. Ins. Co. v. Winslow*
    95 N.C. App. 413, 382 S.E.2d 872 (1989) ......................................9

*Peed v. Burleson's, Inc.*
    244 N.C.App. 437, 94 S.E.2d 351 (1956) .............................. .......17

*Progressive Sales, Inc. v. Williams, Willeford, Boger, Grady & Davis*
    86 N.C.App. 51, S.E.2d 372 (1987) ...................................... .20, 21

*Ramboot, Inc. v. Lucas*
> N.C. App. 729, 640 S.E.2d 845 (2007) .................................... .........6

*Rorrer v. Cooke*
> 313 N.C. 338, 329 S.E.2d 355 (1985) .................................... .......21

*Sunbow Indus., Inc. v. London*
> 58 N.C. App. 751, S.E.2d 409 (1982) .................................... .........9

Federal Statutes:

Federal Rule of Civil Procedure 26 .................................... .......14

Federal Rule of Civil Procedure 50 .................................... .......22

Federal Rule of Civil Procedure 50(a) ....................................5, 6, 15, 21

Federal Rule of Civil Procedure 50(a)(2) .................................... .......21

Federal Rule of Civil Procedure 50(b) .................................... .......21

Federal Rule of Civil Procedure 56 .................................... .........5

Federal Rule of Evidence 803(6) .................................... .......24

State Statutes:

N.C. Gen. Stat. § 1-1A, Rule 41(a) (1977) .................................... ...9, 10

N.C. Gen. Stat. § 1–15(c) (2005) .................................... .........6

N.C. Gen. Stat. §7A-210 (2013) .................................... .......23

N.C. Gen. Stat. §7A-210(1) (2013) .................................... .......23

N.C. Gen. Stat. §7A-219 (2005) ........................................................................ .......23

## STATEMENT OF THE CASE

This case arises from Mr. Chagaris' legal representation of KA Holdings in a series of lawsuits (the "Lawsuits") filed in Mecklenburg County Superior Court against Hawthorne Mills and Overland Properties (the "Landlord"). (JA 68-75). KA Holdings, a New York corporation, was a business formed for the purpose of purchasing a warehouse from an entity called Hansfords in North Carolina, and selling Christmas ornaments contained in the warehouse. (JA 371:4-373:11). Subsequent to the purchase of the warehouse, KA Holdings sold the warehouse to the Landlord, and entered into a lease (the "Lease") with the Landlord whereby KA Holdings became a tenant. (JA 376:5-380:20). The Lease was short-term and designed for KA Holdings to occupy the warehouse just long enough to sell the Christmas ornaments prior to the holiday season. (*Id.*). Bruce Adler ("Mr. Adler"), a shareholder and director of KA Holdings, has been in the business of importing and selling Christmas decorations, flowers and novelties for approximately forty years. (JA 642:8-11). John Kulisek ("Mr. Kulisek") was another shareholder of KA Holdings whose primary duty was to sell KA Holdings' goods. (JA 645:9-13). Charles Diven ("Mr. Diven") was KA Holdings' attorney (JA 370:25-371:5). A dispute arose between the Landlord and KA Holdings over the space KA Holdings occupied in the warehouse, and the Landlord locked KA Holdings out of the warehouse prior to Christmas, thereby preventing it from

1

selling or even accessing the Christmas ornaments it purchased.  (JA 384:3-21).
The Landlord's actions gave rise to the Lawsuits.

KA Holdings obtained an arbitration award against the Landlord in New York, and it retained Mr. Chagaris in March of 2002 to file an action to confirm the award, and file an action to pursue damages for the Landlord's conversion of KA Holdings' goods.  (JA 411:1-412:17).

Mr. Chagaris was unsuccessful in confirming the arbitration award (JA 1183), and after the confirmation hearing had occurred, Mr. Chagaris advised KA Holdings that the trial court, "out of ignorance," denied the motion to confirm.  (JA 68 at ¶¶50-52).  Additionally, he failed to disclose that Court had actually vacated the Award as well.  (*Id.*).  Nonetheless, on January 10, 2003, Mr. Chagaris told KA Holdings that he had filed a notice of appeal (the "Appeal") of the trial court's ruling.  (*Id.* at ¶ 52).  On March 31, 2003, Mr. Chagaris told KA Holdings that while the Appeal was active and  pending, it would be "fortuitous," quicker and easier to file a an action (the "Second N.C. Action") for breach of the contract that formed the basis of the underlying arbitration action and award.  (*Id.* at ¶¶63-64).

Mr. Chagaris filed the Second N.C. Action in July of 2003.  (JA 1189).  As he had with the denial of the motion to confirm the arbitration award, Mr. Chagaris (between May of 2003 and December of 2004) continued his practice of inconsistent and incomplete communication with KA Holdings.  (JA 68 at ¶¶81-

2

99).  In February of 2005, unbeknownst to KA Holdings, the trial court dismissed all of the claims in the Second N.C. Action, with the exception of the conversion of personal property claim (the "Conversion Claim").  (*Id.* at ¶¶74-76).  In March of 2005, Mr. Chagaris convinced KA Holdings that he "could correct the situation by withdrawing the Second N.C. Action" and re-filing it on what he called the "fast track," which would preserve K.A. Holdings rights.  (*Id.* at ¶¶100-101, JA 1200).

Over the course of the following year, Mr. Chagaris continued to provide KA Holdings with inaccurate and misleading information regarding the status of the Lawsuits. (*Id.* at ¶¶103-114, JA 1207-1213).  On March 24, 2006, approximately three hundred and sixty days after voluntarily dismissing the Second N.C. Action and within the period provided by Rule 41 of the North Carolina Rules of Civil Procedure, Mr. Chagaris filed another action (the "Third N.C. Action").  (JA 1201).  Two months later, on August 3, 2006, the trial court dismissed the Third N.C. Action, which Mr. Chagaris did not tell KA Holdings. (JA 1220, JA 529:7-531:7).  On August 31, 2006, Mr. Chagaris filed a notice of appeal (the "Notice of Appeal") of the trial court's dismissal of the Third N.C. Action.  (JA 1223).  On September 20, 2006, the trial court dismissed KA Holdings' appeal as a result of Mr. Chagaris' failure to properly serve the Notice of Appeal. (JA 1229-1230). Once again, Mr. Chagaris did not inform KA Holdings that the appeal had been dismissed, and that KA Holdings' Conversion Claim was

now forever lost.  (JA 542:18-544:8).  Over the following months, KA Holdings

repeatedly wrote and called Mr. Chagaris in a vain attempt to discover the status of

the Lawsuits and its legal rights. (JA 1231). Finally, in January of 2007, KA

Holdings became fully aware of Mr. Chagaris' mishandling of the Lawsuits.  (JA

542:8).  As a result of Mr. Chagaris' malpractice, the jury issued a verdict in favor

of KA Holdings which the District Court entered on September 30, 2013.  (JA

1247).

## SUMMARY OF ARGUMENT

Mr. Chagaris' asserts two general arguments in his brief: (1) the District

Court erred in admitting evidence of KA Holdings' damages; and (2) that KA

Holdings did not present sufficient evidence to survive Mr. Chagaris' motions for

summary judgment and judgment as a matter of law.  Each of Mr. Chagaris'

arguments fail as the District Court did not abuse its discretion in admitting KA

Holdings' evidence of damages, and KA Holdings presented sufficient evidence to

defeat Mr. Chagaris' motions for summary judgment and judgment as a matter of

law.  This Court should affirm the District Court's rulings and the verdict should

be upheld.

## ARGUMENT

**I.   THE DISTRICT COURT CORRECTLY DENIED MR. CHAGARIS'
MOTION FOR SUMMARY JUDGMENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW, AND RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW AS MR. CHAGARIS'
LAST ACT OF MALPRACTICE OCCURRED IN SEPTEMBER 2006,
APPROXIMATELY ONE YEAR PRIOR TO THE FILING OF THE
COMPLAINT**

### A. Standard of Review

Mr. Chagaris first argues that the District Court erred in denying his motion
for summary judgment, directed verdict, and judgment notwithstanding the verdict.
The appellate standard for review of each motion is *de novo. Medical Waste
Assocs. v. Mayor and City Council of Baltimore,* 966 F.2d 148, 150 (4th
Cir.1992); *Miller v. Premier Corp.,* 608 F.2d 973, 981 n. 8 (4th Cir.1979); *First
Union Comm'l Corp. v. GATX Capital Corp.,* 411 F.3d 551, 556 (4th Cir. 2005).

Summary judgment is only appropriate if the record shows no genuine
issue of material fact.  Fed.R.Civ.P.  56.  On appeal, the Court must view the
evidence in the light most favorable to KA Holdings, the nonmoving party, and
all reasonable inferences must be drawn in KA Holdings' favor.  *Emmett v.
Johnson,* 532 F.3d 291, 297 (4th Cir. 2008).

Pursuant to Fed.R.Civ.P.  50(a), a district court may grant a motion for
judgment as a matter of law only if there is no sufficient evidentiary basis for a

5

reasonable jury to have found for that party. *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 240 (4th Cir. 2009); Fed.R.Civ.P. 50(a). For review of a renewed motion for judgment as a matter of law, the Court must view "the evidence in the light most favorable to the prevailing party, and will affirm the denial of such a motion unless the jury lacked a legally sufficient evidentiary basis for its verdict." *Gregg v. Ham,* 678 F.3d 333, 341 (4th Cir. 2012).

### B. Mr. Chagaris' last act of malpractice occurred on September 20, 2006, approximately one year before KA Holdings' filed its initial complaint.

In North Carolina, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action. N.C. Gen. Stat. § 1–15(c) (2005). The statute of limitations for such causes of action is generally three years, unless the loss or damage originates under such circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, such that it is discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, in which case suit must be commenced within one year from the date discovery is made, and still no more than four years after the occurrence of the last act of the defendant. *Ramboot, Inc. v. Lucas*, 181 N.C. App. 729, 732-33, 640 S.E.2d 845, 847 (2007).

6

Thus, in order to prevail on his argument that the District Court erred in denying Mr. Chagaris' motion for summary judgment, Mr. Chagaris must show the Court that KA Holdings was untimely in filing its complaint on October 31, 2007 (JA 19).  To accomplish this, he must show that there was no genuine issue of material fact that the last act or occurrence giving rise to this lawsuit occurred earlier than October 31, 2004.  Regarding Mr. Chagaris' argument that the District Court erred in denying his motion for judgment as a matter of law and his renewed motion for judgment as a matter of law, he must show that there was a legally insufficient evidentiary basis for the jury to find that the last act or occurrence occurred earlier than October 31, 2004.  And, assuming that Mr. Chagaris had or could do that, KA Holdings would be entitled to show that upon that date its damages were not readily apparent and were not discovered for more than two years hence, and that once said damages were discovered, suit was brought within one year.

Mr. Chagaris incorrectly rests his entire argument upon the general contention that since the representation commenced 2002, and that any subsequent act by Mr. Chagaris was merely an extension of the original attempt to confirm the arbitration award or recover the same damages as the arbitration, by the complaints' own allegations Mr. Chagaris' pattern of deceit lasted for more than four years and therefore the malpractice claim is barred by the statute

7

of limitations and/or repose. Mr. Chagaris' argument fails for two reasons: (1) Mr. Chagaris' last act of malpractice did not occur in 2002; and (2) Mr. Chagaris' subsequent acts after he filed the Notice of Appeal in 2002 do not relate back to that act and therefore are not relied upon as a "continued representation" theory to extend the statute of limitations.

More instructive to the issue before the Court are cases interpreting the accrual of a legal malpractice action based upon the last act of the defendant. For example:

a) It is not the date that an attorney negligently drafts a deed that is determinative as the last act, but the date that the attorney delivers the flawed deed to his client. *McGahren v. Saenger*, 118 N.C. App. 649, 653, 456 S.E.2d 852, 854 *disc. review denied and appeal dismissed*, 340 N.C. 568, 460 S.E.2d 318 (1995).

b) Where an attorney has taken a voluntary dismissal without prejudice, his last act giving rise to a claim is one year later, when the date by which the claim must be re-filed has passed. *Fender v. Deaton*, 153 N.C. App. 187, 190, 571 S.E.2d 1, 3 (2002); *Goodman v. Holmes & McLaurin Attorneys at Law*, 192 N.C. App. 467, 475, 665 S.E.2d 526, 532 (2008).

8

c) Where an attorney fails to file a timely answer, the last act is the date that default judgment is entered. *Nationwide Mut. Ins. Co. v. Winslow*, 95 N.C. App. 413, 416, 382 S.E.2d 872, 874 (1989).

d) Where an attorney represents a seller in a secured transaction, he has a continuing duty to file a financing statement as long as it may provide his client some measure of protection. *Sunbow Indus., Inc. v. London*, 58 N.C. App. 751, 753, 294 S.E.2d 409, 410 (1982).

The central theme of these cases is that the determination of the last act must be made within the context of the nature of the representation, that the first act and the duration of the alleged wrongdoing is irrelevant, and that the last act will generally be the latest date upon which an attorney can take action to protect his client's interests.

After the Honorable Judge Bridges granted the Landlord summary judgment on all of KA Holdings' claims with the exception of the Conversion Claim, Mr. Chagaris filed a voluntary dismissal without prejudice on or about March 28, 2005. (JA 1200). Pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure, a plaintiff can refile a claim following a voluntary dismissal without prejudice within one year. *Id.* On March 24, 2006, approximately 360 days after he

dismissed the Second N.C. Action, Mr. Chagaris filed the Third N.C. Action. (JA 1201). Even though Mr. Chagaris timely filed the Third N.C. Action, the Honorable David Cayer dismissed it because the Conversion Claim "was barred by the applicable 3-year bar of the statute of limitations, NCGS 1-52." (JA 1220). Since Mr. Chagaris filed the Third N.C. Action within the time frame permitted by Rule 41(a), the dismissal of the Conversion Claim was ripe for appeal. While Mr. Chagaris did file a notice of appeal, he not only failed to perfect it, but he also failed to timely communicate to KA Holdings that the Third N.C. Action had been dismissed, and that the Conversion Claim would be forever lost unless KA Holdings appealed Judge Cayer's order. (JA 1220, JA 529:7-531:7). The last act of malpractice occurred on or about September 20, 2006, when the Honorable Richard Boner dismissed KA Holding's appeal of the dismissal of the Third N.C. Action because Mr. Chagaris had failed to serve it properly, which is the moment all of KA Holdings' claims against Hawthorne and Overland were forever lost. (JA 542:18-544:8). The District Court properly denied Mr. Chagaris' motions for summary judgment and judgment as a matter of law on the statute of limitations issue as his last act of malpractice occurred approximately one year prior to KA Holdings' filing its complaint.

## II.   THE DISTRICT COURT CAREFULLY CONSIDERED WHICH SANCTIONS TO IMPOSE ON KA HOLDINGS FOR ITS FAILURE TO DISCLOSE PURSUANT TO RULE 26 AND DID NOT ERR BY DENYING MR. CHAGARIS' REQUEST TO EXCLUDE KA HOLDINGS' EVIDENCE OF DAMAGES

Appellate review of the imposition of discovery sanctions by the District Court is for abuse of discretion. *Southern States Rack and Furniture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 595 (4th Cir. 2003), *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001)("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).").

Prior to trial, Mr. Chagaris moved the District Court to exclude KA Holdings' evidence of damages. (JA 196:11-16).  The two issues before the District Court were: (1) whether KA Holdings' provided Mr. Chagaris with its evidence of damages; and (2) whether KA Holdings' Rule 26 disclosures had the requisite specificity to comply with the rule.  (JA 225:22-226:16, 245:19-21). Counsel for KA Holdings' testified to the following: (1) KA Holdings timely produced the documents in its possession responsive to Mr. Chagaris' requests for production; (2) that Mr. Chagaris and his attorney reviewed those documents at KA Holdings' attorneys' office; and (3) that KA Holdings' evidence of damages was not only included with those documents, but was specifically set aside for their review.  (JA 257:15-265:15).  When given the opportunity to dispute KA

11

Holdings' attorney's testimony, counsel for Mr. Chagaris declined to take the stand and dispute that the documents were produced and reviewed. (JA 294:14-295:3, 296:10-25). After considering testimony from KA Holdings' counsel and Mr. Chagaris, and extensive argument from counsel, the District Court ruled that Rule 26 had "not been specifically to the letter complied with", and accordingly carefully deliberated as to how Mr. Chagaris was prejudiced and what sanction to impose. (JA 294:2-4, 282:23-283:7, 299:5-24). The District Court ultimately did stay further proceedings until KA Holdings' complied with Rule 26 (JA 341:21-22) and correctly ruled that KA Holdings' evidence of damages should not be excluded. (JA 334:15-16, 335:7-21, 345:19-347:14, 360:11-15).

The Court's decision rests firmly on the rule that when a party's failure to disclose evidence is substantially justified and when the failure to disclose is harmless, the court should not exclude the evidence. *Southern States Rack and Furniture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 596 (4th Cir. 2003). The court balances five factors to determine whether the non-disclosure was harmless or substantially justified: (1) the surprise to the adverse party; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the explanation for the failure to disclose; and (5) the importance of the evidence. *Id.*

In considering whether KA Holdings' damage evidence surprised Mr. Chagaris, the District Court considered Mr. Chagaris was the attorney for KA Holdings in the underlying matter, and therefore was familiar with the claim and the damages. (JA 285:14-17, JA 245:8-18). The District Court also considered the deposition testimony of Mr. Adler who testified that the damages consisted of lost inventory, and that the inventory list was printed in the arbitration book. (JA 230:21-232:21).

With regard to curing the non-disclosure, pursuant to the District Court's instructions, KA Holdings entered on the record its amended Rule 26 disclosure to the satisfaction of the District Court. (JA 331:2-332:23, JA 345:15-17). In imposing its sanction on KA Holdings, the District Court stayed the proceedings and gave Mr. Chagaris the opportunity to argue for additional time if he was prejudiced by the non-disclosure. (JA 359:2-6). Mr. Chagaris responded that he was "generally" ready for trial. (JA 361:12). Thus, Mr. Chagaris waived any argument he may have had that he was prejudiced.

Finally, as to the remaining factors, the District Court correctly considered Mr. Chagaris' "dilatory manner" in raising the Rule 26 issue pre-trial as opposed to filing a timely motion to compel. (JA 360:11-15, 353:18-354:5, 357:19-358:6). Despite being KA Holdings' counsel in the underlying matter and having knowledge of the facts of the case through the course of his representation, Mr.

13

Chagaris tried to claim "surprise" due to the technical failure of KA Holdings'

damage disclosure. Counsel for KA Holdings testified that it complied with Rule

26, and while the District Court disagreed, the only recourse Mr. Chagaris sought

was by filing a motion in limine on the eve of trial. KA Holdings did not fail to

disclose its damages to Mr. Chagaris. The only error KA Holdings' committed

was disclosing without the requisite specificity, which it timely cured following the

District Court's order. If the District Court had ruled in favor of Mr. Chagaris, it

would have excluded evidence fundamental to KA Holdings' case, and allowed

Mr. Chagaris to defeat KA Holdings' claims with his dilatory tactics. The District

Court correctly weighed the evidence presented to it, and imposed the proper

sanction for KA Holdings' failure to comply with Fed.R.Civ.P. 26.

### III.   KA HOLDINGS PRESENTED SUFFICIENT EVIDENCE AT TRIAL THAT: (1) ITS CONVERSION CLAIM AGAINST THE LANDLORD WOULD HAVE BEEN SUCCESSFUL AND RESULTED IN A FAVORABLE JUDGMENT; AND (2) THAT THE JUDGMENT OBTAINED AGAINST THE LANDLORD WOULD HAVE BEEN COLLECTABLE

The appellate standard for review of a motion for judgment as a matter of law

is *de novo*. *Miller v. Premier Corp.,* 608 F.2d 973, 981 n. 8 (4th Cir.1979); *First*

*Union Comm'l Corp. v. GATX Capital Corp.,* 411 F.3d 551, 556 (4th Cir. 2005).

Pursuant to Fed.R.Civ.P. 50(a), a district court may grant a motion for judgment as

a matter of law only if there is no sufficient evidentiary basis for a reasonable jury

to have found for that party. *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 240 (4th Cir. 2009); Fed.R.Civ.P. 50(a). For review of a renewed motion for judgment as a matter of law, the Court must view "the evidence in the light most favorable to the prevailing party, and will affirm the denial of such a motion unless the jury lacked a legally sufficient evidentiary basis for its verdict." *Gregg v. Ham,* 678 F.3d 333, 341 (4th Cir. 2012).

### A. KA presented sufficient evidence that its conversion claim against the Landlord would have been successful and resulted in a favorable judgment.

The first issues are whether KA Holdings presented sufficient evidence of likely success in the underlying conversion claim, and whether KA Holdings established the fair market value of the goods converted. The proper analysis to address this issue is found in *Hummer v. Pulley, Watson, King & Lischer, P.A.,* 157 N.C.App. 60, 577 S.E.2d 918 (2003). In a legal malpractice action, the plaintiff is not required to prove what the jury in the underlying case would have reached. *Id.,* at 66, 577 S.E.2d 918, 923. Instead, the jury sitting in the malpractice action substitutes its own judgment in applying the law to the facts of the underlying case. *Id.*

At trial, Mr. Adler and Mr. Diven testified to the following facts:

1. KA Holdings purchased a warehouse and the Christmas decorations (the "Inventory") contained therein (JA 371:1-373:11, JA 648:1-649:25);

15

2. KA Holdings sold the warehouse to the Landlord establishing a landlord-tenant relationship between the parties, with KA Holdings retaining possession of the Inventory with the intent to sell it prior to Christmas (JA 376:5-377:7);

3. The Landlord changed the locks on the warehouse shortly after it purchased it from KA Holdings, thereby preventing KA Holdings from accessing eighty percent of the Inventory contained therein (JA 384:8-386:22, JA 653:10-655:8);

4. KA Holdings filed an arbitration claim with the American Arbitration Association seeking to have the Landlord give access to KA Holdings to the portion of the building it was locked out of, which contained the Inventory (JA 387:2-5);

5. The Arbitrator found that the Landlord breached the lease by locking out KA, and granted relief to KA Holdings by granting it possession of the portion of the warehouse from which it had been excluded (JA 1173);

6. That KA Holdings was never able to regain control over the eighty percent of the warehouse from which the Landlord excluded KA Holdings (the "Excluded Area") (JA 655:6-7); and

7. That KA Holdings never regained control over the Inventory in the Excluded Area of the warehouse, and that the Inventory was worth $991,100.56 (JA 1148-1149; TT, JA 404:20-407:13, JA 656:5-660:5).

Conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Peed v. Burleson's, Inc.,* 244 N.C.App. 437, 439, 94 S.E.2d 351, 353 (1956). KA Holdings, through Mr. Adler and Mr. Diven's testimony, and the exhibits introduced at trial, sufficiently met its evidentiary burden as to whether the Landlord's action of locking out KA Holdings constituted conversion by establishing that: (1) KA Holdings owned the Inventory; (2) the Landlord, without authorization, excluded KA from exercising its rights over the Inventory; and (3) that KA Holdings suffered damages totaling $991,100.56, the value of the Inventory.

Mr. Chagaris incorrectly argues that KA Holdings failed to establish the Inventory's fair market value of the specific goods it was unable to access as a result of the Landlord's conversion. Fair market value of the Inventory at the time and place of conversion is the proper measure of damages. *Marina Food Associates, Inc. v. Marina Restaurant, Inc.,* 100 N.C.App. 82, 94, 394 S.E.2d 824, 832 (1990). "A plaintiff must present evidence that will furnish a basis for determination of damages; however, it is not necessary to prove damages with

17

absolute certainty." *Id.* Mr. Chagaris' argument goes to the weight of the evidence, not the sufficiency of the evidence, and therefore the District Court properly let this issue go to the jury for its consideration.

### B. KA Holdings presented sufficient evidence that the judgment obtained against Hawthorne and Overland would have been collectable.

Mr. Chagaris incorrectly asserts that KA Holdings failed to offer any evidence that a judgment obtained against the Landlord would have been collectable. Mr. Diven testified that the Landlord purchased the warehouse outright for $1,600,000.00 with cash. (JA 561:11-25). Further, Mr. Diven testified that the warehouse was unencumbered. *Id.* Thus, the Landlord owned the property free and clear, and the Landlord still owned the warehouse at the time that Mr. Chagaris filed the complaint. *Id.* The purchase price, $1,600,000.00, far exceeded the value of the Inventory. Had Mr. Chagaris obtained a judgment against the Landlord, the judgment would have attached to the warehouse and KA Holdings would have collected on the judgment. In addition, KA Holdings could have also collected by recouping the Inventory the Landlord converted.

The only evidence offered by Mr. Chagaris to counter KA Holding's evidence of collectability is Defendant's Exhibit 205 ("Exhibit 205") (JA 1242) and his testimony that there was a deed in excess of $2,500,000.00. (JA 829:13-17). Exhibit 205 is nothing more than a real estate index that summarizes

documents filed with the Mecklenburg County register of deeds for entities that begin with "Hawthorne Mill." It is unclear what Exhibit 205 proves or does not prove. Mr. Chagaris contends Exhibit 205 evidences that the warehouse was transferred to Hawthorne Mills Partners on December 30, 2003. (JA 1011:9-1012:13). However, Exhibit 205 only lists documents filed with the Mecklenburg County register of deeds for entities that begin with "Hawthorne Mill." Mr. Chagaris did not introduce the underlying documents listed in Exhibit 205 into evidence, so it is unknown what the character of these transactions was or what those respective deeds of trust contained. Further, it is not clear from Exhibit 205 if the transactions listed even dealt with the warehouse at all. Exhibit 205 does not show that the warehouse was the subject property that was transferred, if it was even transferred at all, or if the warehouse was the property that became encumbered by a mortgage. Further, there is no evidence that even if the warehouse was transferred, that the transaction was a valid transfer and not subject to collection on a judgment obtained by KA Holdings.

Moreover, Mr. Chagaris' argument does not address the sufficiency of evidence, it only goes to the weight of the evidence presented at trial. Mr. Chagaris cites *In re McGillewie,* 936 F.Supp. 327 (W.D.N.C. 1995) in his memorandum. This case is not controlling authority on this Court, and it is easily distinguishable from the present case. In *McGillewie,* the plaintiffs presented no

19

evidence of garnishable assets. *Id.,* at 329. Plaintiffs there only offered a report of an alleged successor by corporate merger in which the director, partner and sole principal of the successor was also a principal of the defendant named in the underlying lawsuit. *Id.* That court held that the report did not establish that the successor would have been subject to collection based upon a judgment awarded against the original defendant. *Id.* In contrast here, Plaintiff offered clear evidence that the Landlord owned the warehouse free and clear. Mr. Chagaris did testify that the warehouse subsequently became encumbered and/or was transferred to another entity, but offered no documents in support.

Moreover, the present case is actually factually inverted from *McGillewie* as there is no evidence that shows the Landlord's successor, if there was one, would not have been subject to collection based upon a judgment obtained against the Landlord. By awarding a judgment against Mr. Chagaris in favor of KA Holdings, the jury determined after weighing the conflicting evidence that a judgment obtained against the Landlord would have been collectable.

As a final issue, Mr. Chagaris argues no expert testimony was presented on the issues of whether the underlying action would have been successful, and if so, whether a judgment would have been collectible. There is no authority in North Carolina that mandates the use of expert testimony in a legal malpractice action. *Progressive Sales, Inc. v. Williams, Willeford, Boger, Grady & Davis,* 86 N.C.App.

51, 356 S.E.2d 372 (1987); *Rorrer v. Cooke,* 313 N.C. 338, 329 S.E.2d 355 (1985).

Further, the Court itself noted during the trial that no legal expert is required in

North Carolina.  (JA 930:18-931:17).  Therefore, Mr. Chagaris' argument

regarding the lack of expert testimony on these issues is not persuasive.

## IV.    MR. CHAGARIS FAILED TO PRESERVE HIS ARGUMENT THAT THE DEFENSES IN THE UNDERLYING ACTION WOULD HAVE PRECLUDED KA HOLDINGS FROM OBTAINING A JUDGMENT AGAINST THE LANDLORD

A motion for judgment as a matter of law "must specify the judgment sought

and the law and facts that entitle the movant to the judgment." Fed.R.Civ.P.

50(a)(2).  On appeal, for the first time Mr. Chagaris raises this argument.  At trial,

pursuant to Fed.R.Civ.P.  50(a), Mr. Chagaris argued the underlying action would

not have been successful and that any judgment KA Holdings obtained against the

Landlord would not have been collectible.  (JA 932:9-933:13).  When Mr.

Chagaris renewed his motion for judgment as a matter of law, he again argued any

judgment KA Holdings obtained would not have been collectible.  (JA 1064:9-21).

In Mr. Chagaris' motion pursuant to Fed.R.Civ.P.  50(b), he raised the following

issues: (1) Did Mr. Chagaris breach legal duties owed to KA Holdings, and was

such breach negligent and proximately cause damage to KA Holdings?; (2) What

amount of damages, if any, was specifically and proximately caused by the

negligence of Mr. Chagaris?; and (3) Did Mr. Chagaris convert $1,000.00 of KA

Holdings to his own use?  The sub issues under the first issue were: (a) There was

21

no substantial evidence or expert testimony, which is required, to support the jury's verdict that the appeal of Judge Cayer's 2006 Order if perfected would have resulted in an order favorable to KA Holdings; (b) there was no evidence, or expert testimony, which is required, to support the jury's verdict of KA Holdings was successful on its appeal of Judge Cayer's 2006 Order that the underlying claim would have resulted in a judgment in favor of KA Holdings; and (c) there was no evidence to support the jury's verdict that if KA Holdings was successful on its appeal of Judge Cayer's 2006 Order and also successful on the underlying state claim resulting in a judgment in favor of KA Holdings that the judgment would have been collectible. While Fourth Circuit precedent indicates the Court will liberally construe the technical requirements of Fed.R.Civ.P. 50, (*see Singer v. Dungan,* 45 F.3d 823, 829 (4th Cir. 1995)), in this case Mr. Chagaris failed to raise his defenses of *res judicata* and accord and satisfaction in either his Rule 50(a) or Rule 50(b) motions. Other Fourth Circuit cases indicate the Court will review arguments raised in a Rule 50(b) motion that were not raised in a Rule 50(a) motion, however that is not the situation in this matter. *See Federal Savings and Loan Insurance Corp. v. Reeves,* 816 F.2d 130, 137-38 (4th Cir. 1987). Here, Mr. Chagaris raises an entirely new argument on appeal, and KA Holdings' submits that the issue of whether the Landlord's defenses of *res judicata* and accord and satisfaction would have precluded KA Holdings from obtaining a judgment in the

underlying matter was not preserved for appeal, and is not properly before this Court for review.

Moreover, even if Mr. Chagaris had properly preserved this argument, it would not be persuasive. Summary ejectment is a small claim action assigned to a magistrate. N.C.G.S. §7A-210. Pursuant to N.C.G.S. § 7A-219, no counterclaim which would make the amount in controversy exceed the jurisdictional amount of N.C.G.S. §7A-210(1) is permissible in a small claim action. *Id.* The statute expressly states that even if the defendant has a compulsory counterclaim, a defendant's "failure to file a counterclaim in a small claims action assigned to a magistrate, or failure by a defendant to appeal a judgment in a small claims action to district court, shall not bar such claims in a separate action." *Id.* By the clear language of the statute, KA Holdings' did not waive its claim for damages under a conversion theory by failing to file a counterclaim to the Landlord's summary ejectment action as it damages exceeded the jurisdictional limit of a small claims action.

Lastly, Mr. Chagaris argues that a letter sent by Mr. Kulisek to the Landlord would have precluded KA Holdings from obtaining a judgment against the Landlord. (JA 1242A). Mr. Chagaris' theory is that this letter amounts to a settlement between KA Holdings and the Landlord, thereby precluding a subsequent lawsuit for conversion. However, Mr. Adler testified as to the purpose

23

of Mr. Kulisek's letter.  The letter memorialized an agreement between KA

Holdings and the Landlord for KA Holdings to remove the merchandise and vacate

the 20,000 square feet of the premises the Landlord claimed KA Holdings was

occupying.  (JA 784:9-15, 786:6-24).  Mr. Adler testified that Mr. Kulisek's letter

had nothing to do with the property the Landlord converted.  (JA 786:13-15).

When asked whether Mr. Kulisek's letter amounted to a settlement between the

parties, Mr. Adler responded that it did not.  (JA 785:17-25).  Even if Mr. Chagaris

had argued this issue to the District Court in his motion for judgment as a matter of

law, the District Court would not have erred in denying it as Mr. Chagaris'

argument goes to the weight of the evidence and not the sufficiency of it.   KA

Holdings presented sufficient evidence that Mr. Kulisek's letter was not a

memorandum of settlement and did not bar KA Holdings from filing a subsequent

lawsuit.

## V.     THE DISTRICT COURT DID NOT ERR IN ADMITTING EXHIBITS 16 AND 17 UNDER THE BUSINESS RECORDS EXCEPTION

The District Court's determination of the admissibility of exhibits 16 and 17

(JA 1148-1149) is reviewed for abuse of discretion. *U.S. v. Levy,* 335 Fed.Appx.

324, 327 (4th Cir. 2009).  Fed.R.Evid.  803(6) provides an exception for

authenticated business records from the hearsay rule.  *Id.*  Through the testimony

of a custodian or other qualified witness, the proponent of the evidence must

establish that the document was kept in the course of regularly conducted business

activity, and that making the document was a regular practice of that activity.  *U.S. v. Francis,* 329 Fed.Appx. 421, 426 (4th Cir. 2009).

At trial, Mr. Diven testified to the following regarding exhibits 16 and 17: (1) by virtue of being KA Holdings' attorney, he had knowledge of exhibits 16 and 17; (2) at his request, Mr. Adler generated exhibit 17, and Janet Rios, an employee of KA Holdings, generated exhibit 16 in February of 2002, shortly after Landlord's conversion of KA Holdings' goods; (3) KA Holdings had warehouses in North Carolina, New Jersey and on the west coast that housed Christmas ornaments; (4) that the inventory housed at KA Holdings' warehouses was tracked through documents the same as exhibits 16 and 17; (5) that the inventory in KA Holdings' warehouses were kept within the warehouses; (6) that computers and records that generated the inventory sheets were in the showrooms attached to the warehouses; and (7) that the inventory sheets were made and kept in the course of KA Holdings' regular business activity.  (JA 394:11-406:25).  KA Holdings' satisfied the elements under Rule 803(6), and the District Court properly admitted exhibits 16 and 17 under that rule.

## <u>CONCLUSION</u>

For the aforementioned reasons, this Court should affirm the District Court's rulings on Mr. Chagaris' motions for summary judgment and judgment as a matter of law, and uphold the judgment entered against Mr. Chagaris in favor of KA Holdings.

Respectfully submitted this the 18th day of March, 2014.

By:  <u>s/David G. Redding</u>
Bar number: 24476
Attorney for Plaintiff
TISON REDDING, PLLC
201 South Tryon Street, Suite 915
Charlotte, North Carolina 28202
704-200-2056
704-200-2058 (fax)
dredding@tisonreddinglaw.com


<u>s/Joseph R. Pellington</u>
Bar number: 43127
Attorney for Plaintiff
TISON REDDING, PLLC
201 South Tryon Street, Suite 915
Charlotte, North Carolina 28202
704-200-2054
704-200-2058 (fax)
jpellington@tisonreddinglaw.com

26

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,166 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in font size 14 and Times New Roman.

This the 18th day of March, 2014.

<u>s/Joseph R. Pellington</u>
Bar number: 43127
Attorney for Plaintiff
TISON REDDING, PLLC
201 South Tryon Street, Suite 915
Charlotte, North Carolina 28202
704-200-2054
704-200-2058 (fax)
jpellington@tisonreddinglaw.com

27

## CERTIFICATE OF SERVICE

I, Joseph Pellington, do hereby certify that on March 18, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users, or if they are not, by serving a true and correct copy at the address listed below:

Rodney Dean
Dean & Gibson, PLLC
301 S. McDowell Street, Suite 900
Charlotte, NC 28204
rdean@deanandgibson.com
*Attorney for Defendant-Appellant*

s/Joseph R. Pellington
Bar number: 43127
Attorney for Plaintiff-Appellee
TISON REDDING, PLLC
201 South Tryon Street, Suite 915
Charlotte, North Carolina 28202
704-200-2054
704-200-2058 (fax)
jpellington@tisonreddinglaw.com